**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**ANTHONY SMITH,**

       **Plaintiff,**

**v.**                           **CASE NO. 3:12-cv-581-MW/CJK**

**BELLSOUTH**
**TELECOMMUNICATIONS, INC.,**
**a/k/a AT&T,**

       **Defendant.**
_____/

## <u>ORDER GRANTING SUMMARY JUDGMENT</u>

This case involves a claim for retaliation under the Family Medical Leave

Act ("FMLA").  Plaintiff alleges that he was terminated by Defendant for

exercising his right to take leave under the FMLA.  Defendant responds that

Plaintiff was terminated for his accrual of unexcused absences in the four months

after he exhausted his FMLA leave.

Defendant moved for summary judgment on December 19, 2013.  ECF No.

30.  Plaintiff did not file a timely response.  On January 14, 2014, Defendant

requested an expedited hearing on its motion noting that Plaintiff had not

responded to its motion.  This Court conducted a telephonic hearing on January 15,

2014, and granted Plaintiff's *ore tenus* motion to file a response on or before

January 20, 2014.  ECF No. 35.[1]  On January 20, 2014, Plaintiff filed an affidavit

which was not properly sworn, ECF No. 37, and Defendant objects to this Court's

consideration of the affidavit.  ECF No. 42.  Beyond his own "affidavit," Plaintiff

has filed nothing in opposition to Defendant's motion for summary judgment.

At the outset, it is important to recognize that this Court cannot enter

summary judgment "on the mere fact that the motion was unopposed, but, rather

must consider the merits of the motion."  *United States v. One Piece of Real

Property*, 363 F.3d 1099, 1101 (11th Cir. 2004).[2]  As for the affidavit, this Court

need not be detained by Defendant's objection.  This is so because the affidavit

merely restates, albeit in more detail, facts already placed in the record by

Defendant in the form of deposition excerpts taken from the Plaintiff's own

deposition.  ECF Nos. 31-1; 42-1.  The nub of the affidavit is that Defendant,

through its management, expressed hostility towards FMLA leave generally and

towards Plaintiff specifically for taking FMLA leave.[3]  Defendant itself, in support

---

[1]    This Court has provided Plaintiff every opportunity to make a record.  As the docket
reflects, this Court extended deadlines so that Plaintiff could both respond to discovery and take
his own discovery.  ECF Nos. 19; 28.

[2]    In so stating, this Court understands that it "need not sua sponte review all of the
evidentiary materials on file . . . but must ensure that the motion itself is supported by evidentiary
materials."  *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004).
In any event, this Court has reviewed all the evidentiary materials on file.

[3]    It is no answer that the derogatory statements about FMLA and Plaintiff are hearsay.
While inadmissible hearsay cannot be considered, it is well-settled that "'a district court may
consider a hearsay statement in passing on a motion for summary judgment if the statement
could be reduced to admissible evidence at trial or reduced to admissible form.'"  *Macuba v.*

of its motion for summary judgment and, incredibly, in support of its objection to

Plaintiff's affidavit, filed excerpts of Plaintiff's deposition wherein he made

exactly the same assertions.  Moreover, it is undisputed that there was "friction"

between the parties related to FMLA leave.   In 2010, Plaintiff sued Defendant for

FMLA retaliation as evidenced by his prior complaint which was also filed by

Defendant in support of its motion for summary judgment.  ECF No. 31-2.[4]  In

short, the defects of the affidavit are of no consequence inasmuch as the same

evidence is before this Court in another form.

Having outlined the procedural posture of this case, this Court turns to the

merits of the motion.  As a threshold matter, this Court must determine the

appropriate analytical framework to be applied in a FMLA retaliation case.

Where, as here, there is evidence of permissible and impermissible reasons for an

employee's termination, sometimes referred to as "mixed-motive", claims must be

---

*Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999).  Here, Plaintiff could call Ms. Pittman and Ms. Neff as witnesses at trial and inquire as to their statements.  A number of the statements are not being offered for the truth of the matter asserted but to demonstrate Defendant's hostility towards FMLA leave inasmuch as management permitted its employees to disparage employees taking FMLA leave.  As for the statement attributed to an unidentified "VP," such a statement is not being offered to prove the VP made the statement but to show the state of mind of Plaintiff's supervisor, Ms. Pittman, when she disciplined Plaintiff for his absences.  In short, there are a myriad of ways such "hearsay" could be reduced to admissible form.

[4]      Defendant's res judicata argument is a red-herring.  This case involves a totally different claim, his termination, which arose after the prior claim was resolved.  To the extent that Defendant suggests the facts underlying the prior lawsuit are inadmissible, Defendant misses the mark.  "Res judicata is not a doctrine limiting evidence, but a rule preventing a *claim* tried in one suit from being relitigated in a second suit."  *Shades Ridge Holding Co., Inc. v. United States*, 888 F.2d 725729 (11th Cir. 1989).

analyzed under the mixed-motive framework.  *See Richardson v. Monitronics*

*Intern., Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).

The mixed-motive framework can be explained as follows:

> (1) the employee must make a *prima facie* case of discrimination; (2)
> the employer must articulate a legitimate, non-discriminatory reason
> for the adverse employment action; and (3) the employee must offer
> sufficient evidence to create a genuine issue of fact either that (a) the
> employer's proffered reason is a pretext for discrimination, or . . . (b)
> that the employer's reason, although true, is but one of the reasons for
> its conduct, another of which was discrimination.  If the employee
> provides that discrimination was *a* motivating factor in the
> employment decision, the burden again shifts to the employer, this
> time to prove that it would have taken the same action despite the
> discriminatory animus.  The employer's final burden is effectively
> that of proving an affirmative defense.

*Id.* (internal quotation and citation omitted).[5]

Accepting the evidence in the light most favorable to the nonmovant, as this

Court must, Plaintiff has established a *prima facie* case of discrimination.

Proceeding to the next step, Defendant has shown a legitimate, non-discriminatory

reason for Plaintiff's termination; namely, Plaintiff's unexcused absences.  The

---

[5]    This Court recognizes that *Richardson* preceded the Supreme Court's opinions in *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167 (2009) (recognizing "but for" causation for claims brought under the ADEA) and *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013) (recognizing "but for" causation for retaliation claims under Title VII).  However, courts considering FLMA retaliation cases subsequent to *Gross* and *Nassar* have continued to apply the mixed-motive framework.  *See Ion v. Chevron USA, Inc.*, 731 F.3d 379 (5th Cir. 2013); *Goezler v. Sheboygan Cnty.*, 604 F.3d 987 (7th Cir. 2010); *Hunter v. Valley View Local Sch.*, 579 F.3d 688 (6th Cir. 2009); *Johnson v. Benton Cnty. Sch. Dist.*, 926 F. Supp. 2d 899 (W.D. Miss. 2013).  Inasmuch as this Court grants summary judgment under the more plaintiff-friendly mixed-motive framework, this Court would, by definition, grant summary judgment under the more stringent causation requirement under *Gross* and *Nassar*.  Accordingly, this Court need not determine whether *Gross* and *Nassar* impact the analysis of FMLA retaliation claims.

uncontroverted evidence shows that Plaintiff exhausted his FLMA leave in May 2011; that Defendant does not have "sick days"; that Plaintiff accrued more than 40 unexcused absences between his exhaustion of FMLA leave in May and his termination on October 5 (not including his absences from July 12 through August 10 for short term disability); and that Defendant applied its four step disciplinary policy to Plaintiff culminating in Plaintiff's termination.

Plaintiff's *prima facie* case having been rebutted, the burden is shifted to Plaintiff to show that discrimination against him for having used FMLA leave was a motivating factor to his termination in addition to his unexcused absences. The evidence of negative remarks made by Defendant's management with regard to employees using FLMA leave satisfies this burden.

Now, the burden is shifted back to Defendant to show by a preponderance of the evidence that Plaintiff would have been terminated for his unexcused absences regardless of his use of FMLA leave. Defendant has satisfied this burden. Specifically, after Plaintiff exhausted his FMLA leave on May 26, his absences continued, and Defendant issued Plaintiff a "letter of counseling" for unsatisfactory attendance dated June 7, 2011. Plaintiff was advised "that he needs to improve attendance and maintain it at a satisfactory level." However, Plaintiff's absences continued, and Defendant next issued Plaintiff a "letter of warning" for unsatisfactory attendance dated July 1, 2011. Plaintiff was advised "that if

5

substantial improvement is not made, more severe disciplinary action could be taken, including suspension or discharge." Again though, Plaintiff's absences continued, and Defendant issued Plaintiff a "letter in lieu of suspension" for unsatisfactory attendance dated August 12, 2011. Plaintiff was advised "that unless improvement in his attendance to a satisfactory level is made and sustained over a reasonable period of time, further disciplinary action could be taken including termination." Despite the letters of counseling, warning, and in lieu of suspension, Plaintiff's absences continued, and finally Defendant issued Plaintiff a "letter of termination" for unsatisfactory attendance dated and effective October 5, 2011.

Notably, this is not a situation where Defendant reacted unreasonably harsh to a few sporadic, unexcused absences by Plaintiff following his use of FMLA leave. That would be a different case. Instead, the uncontroverted evidence shows that after exhausting his FMLA leave that Plaintiff was absent well over 40 times in slightly over four months (not including the additional three plus weeks Plaintiff was absent for short term disability which if included would total over 60 absences during the same period). In the month of September alone and immediately prior to Plaintiff's termination, Plaintiff was absent 18 times and again three more times in October before he was terminated on October 5, 2011.

Under these uncontroverted facts, this Court finds that Defendant has carried

its burden of proving that it would have fired Plaintiff irrespective of any

retaliatory motive and no reasonable jury could find otherwise.

For these reasons,

IT IS ORDERED:

Defendant's motion for summary judgment, ECF No. 30, is **GRANTED**.

The Clerk shall enter judgment in favor of Defendant stating, "All claims against

Defendant are **dismissed with prejudice.**"  The clerk shall close the file.

**SO ORDERED on February 6, 2014.**

**s/Mark E. Walker**
**United States District Judge**